UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RONALD BRENNAN JR.,

          Plaintiff,

   v.

ANTHONY ASTON, et al.,

          Defendants.

Case No. C17-1928-JCC-JPD

ORDER ON MISCELLANEOUS MOTIONS

This is a 42 U.S.C. § 1983 prisoner civil rights action. Currently before the Court are four motions: (1) plaintiff's motion for leave to file an over length reply to defendants' answer, Dkt. 104; (2) plaintiff's third motion to appoint counsel, Dkt. 106; (3) plaintiff motion to compel witness statements, Dkt. 107; and (4) defendants' motion for extension of time to respond to plaintiff's three pending motions, Dkt. 136. Specifically, defendants ask the Court to extend the noting date on plaintiff's motions from October 26, 2018, to November 23, 2018, because counsel is in trial. Dkt. 136 at 1. Plaintiff opposes defendants' motion for extension of time, Dkt. 138, and on November 7, 2018, defendants filed responses to plaintiff's motion to appoint counsel and motion to compel witness statements, Dkts. 139 & 140.

Having considered the parties' submissions, the balance of the record, and the governing law, the Court finds and ORDERS:

(1) Plaintiff's motion for leave to file an over length reply to defendants' answer, Dkt. 104, is DENIED, and plaintiff's reply to defendants' answer and supporting documents, Dkts. 108-134, are STRICKEN from the record in this case.

Plaintiff misconstrued defendants' answer as a motion to dismiss. *See* Dkt. 109 at 1, 152. An answer is merely a response to a complaint that lays out, among other things, defenses, admissions, and denials as required by Federal Rule of Civil Procedure 8(b). After an answer is filed, the Court sets a schedule for pretrial discovery and filing dispositive motions, such as motions for summary judgment, as it did in this case. Dkt. 103. Motions for summary judgment seek final resolution of claims and may be supported and opposed by evidence like the supporting documents plaintiff improperly submitted along with his reply to defendants' answer.

Under the Federal Rules of Civil Procedure, no reply to the answer is allowed unless ordered by the Court, Fed. R. Civ. P. 7(a)(7), when there is "a clear and convincing factual showing of necessity or other extraordinary circumstances of a compelling nature," *Moviecolor Ltd. v. Eastman Kodak Co.*, 24 F.R.D. 325, 326 (S.D.N.Y. 1959); *see also Fed. Deposit Ins. Corp. v. First Nat'l Fin. Co.*, 587 F.2d 1009, 1012 (9th Cir. 1978). There is no such necessity or other extraordinary circumstances in this run-of-the-mill civil rights case and therefore no basis upon which to allow plaintiff's impermissible submissions to remain a part of the record. If plaintiff would like to use his declarations or other evidence to support or oppose a motion, he may re-file the evidence that has been stricken or move the Court to reinstate the previously stricken document for good cause.

(2)     Defendants' motion for extension of time, Dkt. 136, is GRANTED in part and DENIED in part. Defendants' motion is denied as moot with respect to plaintiff's motion for leave to file an over length reply to defendants' answer, as the Court has ruled on that motion in this Order. The Court will accept defendants' responses to plaintiff's motions to appoint counsel and compel witness statements, which were filed on November 7, 2018. Plaintiff may file reply briefs by **November 23, 2018**.

(3)     The Clerk shall RE-NOTE plaintiff's motions to appoint counsel and compel witness statements, Dkts. 106 & 107, for November 23, 2018.

(4)     The Clerk is directed to send copies of this order to the parties and to the Honorable John C. Coughenour.

Dated this 14th day of November, 2018.

JAMES P. DONOHUE
United States Magistrate Judge