UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RONALD BRENNAN JR.,

          Plaintiff,

v.

ANTHONY ASTON, et al.,

          Defendants.

Case No. C17-1928-JCC-MLP

ORDER ON PLAINTIFF'S
MISCELLANEOUS MOTIONS

## I.     INTRODUCTION

This is a 42 U.S.C. § 1983 prisoner civil rights action. Plaintiff has filed the following motions: (1) "Motion to Add Declaration of Ronald Brennan Concerning the Withholding of Discovery and Legal Documents" (dkt. # 199); (2) motion to appoint counsel (dkt. # 200), with two supporting documents (dkt. ## 214, 215); (3) "Letter/Motion to Continue Defendants' Motions and Request for Docket Sheet" (dkt. # 212); and (4) "Motion to Reinstate Previously Stricken Documents Dkts 108-134" (dkt. # 216). Defendants filed an opposition to Plaintiff's motion to appoint counsel. (Dkt. # 210.) As discussed below, the Court denies all of Plaintiff's motions except for his motion requesting an extension of the deadlines in this case.

## II. DISCUSSION

### A. "Motion to Add Declaration of Ronald Brennan Concerning the Withholding of Discovery and Legal Documents"

Plaintiff asks the Court to add a declaration, which he filed with the motion, to the docket. (Dkt. # 199.) In the declaration, Plaintiff states that a Snohomish County Jail employee, who is not a defendant in this action, withheld discovery from Plaintiff. (*Id.* at 2.) Plaintiff also asks the Court to appoint counsel. (*Id.*) Because the declaration is already part of the record, the Court DENIES the motion (dkt. # 199) as MOOT.

### B. Motion to Appoint Counsel

This is Plaintiff's fifth motion to appoint counsel. He seeks counsel because he has been unable to access his legal materials or depose Defendants, and he believes Defendants' responses to his interrogatories have been insufficient. (Dkt. # 200.) Specifically, Plaintiff claims that when he was transferred from the Snohomish County Jail to the Washington State Department of Corrections ("DOC") on January 29, 2019, the DOC transport staff would not let him take his legal documents related to this case, and so he had them released to his power of attorney. (*Id.* at 4.) He claims that DOC staff at the Washington Corrections Center ("WCC"), where he was transferred, told him that only an attorney can send these document to him in prison and that if he wants to obtain these documents, he will need to hire an attorney or have one appointed. (*Id.* at 4-5.) He also argues that he needs an attorney to depose the 26 defendants. (*Id.*) Plaintiff further complains that Defendants used boilerplate objections to his first set of interrogatories and refused to respond to the second set of interrogatories. (*Id.* at 5.) In separately filed documents, Plaintiff presents evidence that he is temporarily housed at the King County Jail and that he has been refused access to the law library there. (Dkt. ## 214, 215.)

In response, Defendants note that this is Plaintiff's fifth motion to appoint counsel and argue that Plaintiff has not addressed or met the governing legal standard. (Dkt. # 210 at 1.) Defendants incorporate by reference their response to his fourth motion to appoint counsel, in which they argued that Plaintiff is plainly capable of articulating his claims *pro se*, has not demonstrated that his allegations involve any sort of complex case, and has failed to demonstrate a likelihood of success on the merits. (Dkt. # 139 at 3-4.) Defendants also address Plaintiff's claim that he is not receiving discovery, noting that he filed three notices of change of address in February 2019 and that his movement may affect receipt of discovery until he reaches his long-term assignment with the DOC. (Dkt. # 210 at 2.)

Generally, a person has no right to counsel in a civil action. *See Campbell v. Burt*, 141 F.3d 927, 931 (9th Cir. 1998). In certain "exceptional circumstances," the Court may request the voluntary assistance of counsel for indigent civil litigants under 28 U.S.C. § 1915(e)(1). *Agyeman v. Corrections Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). When determining whether "exceptional circumstances" exist, the Court considers "the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). Neither factor is dispositive, and they must be viewed together before reaching a decision on a request for counsel. *Id.*

Plaintiff fails to demonstrate exceptional circumstances at this time. Given the factual disputes between the parties, Plaintiff has not shown a likelihood of success on the merits. In addition, Plaintiff appears able to articulate his claims *pro se* given that the legal issues are not particularly complex. Although Plaintiff is currently unable to access the law library at the King County Jail, his stay there is temporary and he will be able to conduct legal research once he

reaches his long-term assignment with the DOC. As discussed below, the Court will extend the deadlines in the case to account for Plaintiff's multiple recent transfers.

Plaintiff's remaining complaints relate to difficulties developing the factual record and conducting discovery, issues that are not unique to him. If such difficulties were sufficient to establish "exceptional circumstances," nearly every *pro se* prisoner would be entitled to pro bono counsel. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) ("Most actions require development of further facts during litigation and a pro se litigant will seldom be in a position to investigate easily the facts necessary to support the case. If all that was required to establish successfully the complexity of the relevant issues was a demonstration of the need for development of further facts, practically all cases would involve complex legal issues [warranting appointment of counsel]."). Moreover, it appears that at least some of his difficulties stem from his multiple transfers and will be resolved once he reaches his long-term assignment. If, after reaching his long-term assignment, Plaintiff is still unable to access previously produced discovery documents, he should work with counsel for Defendants to obtain the documents.

Considering both the likelihood of Plaintiff's success on the merits and his ability to articulate his claims *pro se* in light of the complexity of the legal issues, the Court concludes that Plaintiff has not established exceptional circumstances warranting the appointment of counsel. Accordingly, the Court DENIES his fifth motion to appoint counsel. (Dkt. # 200.)

### C. "Letter/Motion to Continue Defendants' Motions and Request for Docket Sheet"[1]

Plaintiff asks for a 30-day extension of time to respond to Defendants' motions for summary judgment, pointing to his multiple transfers and inability to access the law library at the King County Jail. (Dkt. # 212.) He also seeks to conduct additional discovery. (*Id.*)

---

[1] The Clerk of Court already mailed Plaintiff a copy of the docket sheet. (*See* Dkt. # 212.)

ORDER ON PLAINTIFF'S MISCELLANEOUS
MOTIONS - 4

Defendants' motions for summary judgment are noted for April 5, 2019. (Dkt. # 213.) The discovery deadline is April 30, 2019, and the dispositive motions deadline is May 30, 2019. (Dkt. # 197.) Given that Plaintiff currently does not have access to a law library or his discovery, the Court finds good cause to extend the deadlines by approximately 60 days. Defendants' motions for summary judgment (dkt. ## 192, 193) shall be re-noted for June 7, 2019, with Plaintiff's response briefs due by June 3, 2019. The discovery deadline shall be extended to June 28, 2019, and the dispositive motions deadline shall be extended to July 29, 2019.

### D. "Motion to Reinstate Previously Stricken Documents Dkts 108-134"

On October 11, 2018, Plaintiff filed a 154-page reply to Defendants' answer to the complaint, along with numerous declarations and exhibits. (Dkt. ## 108-134.) The Court struck the documents because they were improperly filed. (Dkt. # 143.) Plaintiff now asks the Court to allow the stricken documents to be reinstated as his response to Defendants' motion for summary judgment. (Dkt. # 216.)

The two pending motions for summary judgment were filed by Defendant Hatchell (dkt. # 192) and Defendants Machyo and Chaves (dkt. # 193). The motions are limited in scope: the defendants argue that Plaintiff's claims against them must be dismissed because he does not allege they caused him a physical injury, as required by the Prison Litigation Reform Act, and they are entitled to qualified immunity. As the Court previously informed Plaintiff, any response to the motions for summary judgment should be tailored to the specific arguments Defendants raise in their motions. (Dkt. # 213 at 2.) Plaintiff's previously stricken documents address all of the claims against all of the defendants, and therefore they are not tailored to the pending motions for summary judgment. The Court thus DENIES his motion. (Dkt. # 216.)

1                     **III.     CONCLUSION**

The Court DENIES as moot Plaintiff's "Motion to Add Declaration of Ronald Brennan Concerning the Withholding of Discovery and Legal Documents" (dkt. # 199), and DENIES his motion to appoint counsel (dkt. # 200) and "Motion to Reinstate Previously Stricken Documents Dkts 108-134" (dkt. # 216).

The Court GRANTS Plaintiff's "Letter/Motion to Continue Defendants' Motions and Request for Docket Sheet" (dkt. # 212). The discovery deadline is extended to June 28, 2019, and the dispositive motions deadline is extended to July 29, 2019.

The Clerk shall RE-NOTE Defendants' motions for summary judgment (dkt. ## 192, 193) for **June 7, 2019**. Plaintiff shall file any response briefs by **June 3, 2019**, and Defendants shall file any reply briefs by the noting date.

The Clerk is directed to send copies of this order to the parties and to the Honorable John C. Coughenour.

Dated this 5th day of April, 2019.

                                                                MICHELLE L. PETERSON
                                                                United States Magistrate Judge