UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RONALD BRENNAN JR.,

                Plaintiff,

    v.

ANTHONY ASTON, et al.,

                Defendants.

Case No. C17-1928-JCC-MLP

ORDER ON PLAINTIFF'S MOTION
FOR EXTENSION OF TIME

This is a 42 U.S.C. § 1983 prisoner civil rights action. The discovery deadline is currently June 28, 2019, and the dispositive motions deadline is July 29, 2019. (Dkt. # 218.) Defendant Hatchell's and Defendants Machyo and Chavez's separate motions for summary judgment (dkt. ## 192, 193) have been re-noted to June 7, 2019 (dkt. # 218).

On May 30, 2019, Plaintiff filed a motion for extension of all deadlines until November 2019, asserting that because he has been temporarily transferred from the custody of the Department of Corrections ("DOC") to the King County Jail, he does not have access to his legal files or research. (Dkt. # 220.) On June 3, 2019, however, Plaintiff filed an opposition to the pending motions for summary judgment. (Dkt. # 221.) On June 7, 2019, Defendant Hatchell filed an opposition to Plaintiff's motion for extension of time, arguing that his motion should be

ORDER ON PLAINTIFF'S MOTION FOR
EXTENSION OF TIME - 1

1 denied because his response to the motions for summary judgment demonstrates that he has sufficient ability to litigate while at the King County Jail. (Dkt. # 224.) Defendant Hatchell also argues that Plaintiff did not point to any specific item that he is missing that prevented him from appropriately responding to the motions for summary judgment. (*Id.*)

On June 11, 2019, the Court re-noted Plaintiff's motion for extension of time for June 21, 2019, because Defendant Hatchell's opposition brief was untimely and Plaintiff did not have an opportunity to file a reply. (Dkt. # 225.) The Court directed Plaintiff to address the issues Defendant Hatchell raised and also explain to the Court how frequently he is able to access the law library at the King County Jail, what legal documents he currently has access to, and what documents he does not currently have access to that he believes are necessary to litigating this action. (*Id.*)

In reply, Plaintiff explains that his evidence and Defendants' discovery are currently stored at a facility in Everett, Washington, or in long-term DOC inmate storage in Shelton, Washington. (Dkt. # 226 at 1.) He asserts that he will have no access to these documents until he is transferred back to DOC custody and to his long-term housing assignment. (*Id.* at 2.) Plaintiff states that he attempted to have a discovery conference with Defendants' counsel but has not been able to arrange the call. (*Id.*) He also claims that he never received Defendant Hatchell's opposition to his motion for extension of time. (*Id.* at 3.) With respect to his response to the pending motions for summary judgment, Plaintiff points out that he cut and pasted portions of a submission he had already filed with the Court. (*Id.*) He claims that he has evidence in storage that establishes Defendant Hatchell admitted his wrongs and was sanctioned by his employer. (*Id.*) Plaintiff also has submitted evidence that he has four hours of access to the legal workstation each week. (*Id.* at 4.)

Having considered the parties' submissions, the Court will grant in part Plaintiff's motion for extension of all deadlines. (Dkt. # 220.) Given that Plaintiff's discovery and evidence is in DOC custody and Plaintiff is in King County custody, the Court extends the discovery and dispositive motions deadlines, as set forth below, to allow time for Plaintiff's return to DOC custody.

The Court, however, declines to significantly delay ruling on the pending motions for summary judgment. Defendant Hatchell argues that he is entitled to summary judgment because Plaintiff's claim is barred by the Prison Litigation Reform Act's ("PLRA") physical injury requirement and because he is entitled to qualified immunity. (*See* Dkt. # 192.) It appears to the Court that Plaintiff would be able to adequately respond to these arguments by conducting legal research at the jail's legal workstation, which he can access for four hours a week, and drafting a declaration based on his personal knowledge. Although Plaintiff states that he has been unable to obtain copies of documents in Defendant Hatchell's personnel file (dkt. # 221 at 19), it does not appear that these documents would be material to the legal issues Defendant Hatchell raises in his summary judgment motion.

Defendants Machyo and Chavez also argue that they are entitled to summary judgment because Plaintiff did not suffer a physical injury as required by the PLRA and because they are entitled to qualified immunity; they further argue Plaintiff failed to establish that they acted with deliberate indifference and that Defendant Machyo retaliated against him. (Dkt. # 193.) Again, it appears Plaintiff could respond to this motion with legal research and a declaration based on personal knowledge.

Although Plaintiff already filed a response brief (dkt. # 221), he did so after he filed his motion for extension of time and at the last minute by cutting and pasting portions of a brief he

1 | had already drafted (dkt. # 226 at 3). The Court, therefore, will give him an opportunity to file a
2 | supplemental response by the deadline set forth below. Defendants, likewise, will be permitted to
3 | file supplemental replies. If Plaintiff believes he cannot present facts essential to justifying his
4 | opposition, he may file a motion pursuant to Federal Rule of Civil Procedure 56(d). As noted
5 | above, however, it appears unlikely that such a motion will be necessary.

Based on the foregoing, the Court **ORDERS**:

(1) Plaintiff's motion for extension of all deadlines (dkt. # 220) is GRANTED in part and DENIED in part.

(2) The parties shall complete discovery by **November 18, 2019**, and file dispositive motions by **December 18, 2019**.

(3) The Clerk is directed to RE-NOTE the pending motions for summary judgment (dkt. ## 192, 193) for **July 26, 2019**. Plaintiff shall file any response briefs by July 22, 2019, and Defendants shall file any reply briefs by July 26, 2019.

(4) The Clerk is directed to send copies of this order to the parties and to the Honorable John C. Coughenour.

Dated this 26th day of June, 2019.

MICHELLE L. PETERSON
United States Magistrate Judge