UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RONALD BRENNAN JR.,

    Plaintiff,

v.

ANTHONY ASTON, *et al.*,

    Defendants.

Case No. C17-1928-MLP

ORDER

    Plaintiff Ronald Brennan Jr. ("Plaintiff"), proceeding *pro se*, filed this 42 U.S.C. § 1983 civil rights action while he was a pretrial detainee at the Snohomish County Jail. This matter comes before the Court on Plaintiff's motion requesting a jury trial ("Plaintiff's Motion"). (Dkt. # 301.) Defendants have filed a response (dkt. # 306) but Plaintiff did not submit a reply.

    Plaintiff filed his original complaint in this matter on February 2, 2018. (Dkt. # 14.) On February 14, 2018, Plaintiff filed his first amended complaint after being granted leave to amend to correct deficiencies in his first complaint submission. (Dkt. # 18.) On April 18, 2018, Plaintiff filed the operative second amended complaint after again being granted leave to amend. (Dkt. # 27.) However, Plaintiff's original complaint, first amended complaint, and second amended complaint each failed to request or demand a jury trial. (*See* dkt. ## 14, 18, 27.)

ORDER - 1

On October 2, 2018, Defendants filed an answer to Plaintiff's amended complaint. (Dkt. # 101.) Defendant John Hatchell, who was separately represented by counsel, filed a separate answer on October 2, 2018, which included a jury demand.[1] (Dkt. # 102.) Plaintiff did not make a request for a jury trial until the submission of his Motion on August 12, 2021. (*See* dkt. # 301.)

Federal Rule of Civil Procedure 38(b) requires a party wishing to assert the right of trial by jury to demand a jury trial by: "(1) serving the other parties with a written demand – which may be included in a pleading – no later than 14 days after the last pleading directed to the issue is served; and (2) filing the demand in accordance with Rule 5(d)." A party's failure to serve and file the demand in the manner specified in Rule 38(b) constitutes a waiver of the right to a trial by jury. Fed. R. Civ. P. 38(d). While the Court may order a jury trial on a motion by a party who has not filed a timely demand for one in its discretion, that discretion is narrow. *See* Fed. R. Civ. P. 39(b); *Pac. Fisheries Corp. v. HIH Cas. & General Ins., Ltd.*, 239 F.3d 1000, 1002 (9th Cir. 2001) (citing *Lewis v. Time Inc.*, 710 F.2d 549, 556-57 (9th Cir. 1983)). "An untimely request for a jury trial must be denied unless some cause beyond mere inadvertence is shown." *Id.*

Here, the last pleadings directed to the issue were Defendants' answers on October 2, 2018. *See Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (noting that the "last pleading directed to the issue" was the answer); *Pac. Fisheries Corp.*, 239 F.3d at 1002 (same). As a result, Plaintiff's jury demand was due 14 days later, on October 16, 2018. However, as previously noted, Plaintiff's first documented request for a jury trial was August 12, 2021. (*See* dkt. #301.) Plaintiff's jury trial demand is therefore untimely. In addition, Plaintiff

---

[1] Defendant Hatchell was previously dismissed from this action on October 16, 2019, upon the adoption of this Court's previous Report and Recommendation granting Defendant Hatchell's motion for summary judgment. (Dkt. # 234.)

ORDER - 2

has failed to demonstrate that some cause beyond mere inadvertence or oversight occasioned his failure to timely request a jury trial.

Accordingly, the Court finds Plaintiff waived any right to a jury trial by failing to file a timely demand as required by Fed. R. Civ. P. 38(b). Plaintiff's Motion (dkt. # 301) is DENIED.

Dated this 30th day of August, 2021.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 3